IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VERDINA TREMAINE JONES, § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-01461-D-BT |
| v. § | No. 3:17-cr-00364-D-1 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Verdina Tremaine Jones, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct her sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Jones's § 2255 motion.

## Background

On April 17, 2017, officers with the Rowlett, Texas Police Department conducted a traffic stop on a vehicle driven by Jones. The officers arrested Jones after they discovered methamphetamine during a search of the car. In a post-arrest interview, Jones admitted to having collected what she believed to be either narcotics or narcotics proceeds on "at least" four or five other occasions and transporting the narcotics or narcotics proceeds to Searcy, Arkansas.

Jones signed a plea agreement in which she admitted that she possessed with the intent to distribute a controlled substance in violation of 21 U.S.C. ¶ 841. (CR ECF No. 17); *see also* (CR ECF No. 16) (Factual Resume).[1] On December 1, 2017, Jones pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

U.S. Probation prepared a PSR that recommended Jones be held accountable for 13 kilograms of Ice methamphetamine for guideline purposes. PSR ¶ 14. This drug quantity included the 2.6 kilograms of Ice methamphetamine found in her possession on April 17, 2017, as well as 10.4 additional kilograms, based on 2.6 kilograms for each of the "conservative" estimated four times Jones admittedly drove drugs from Texas to Arkansas. *Id.*

Jones's retained attorney, Ray Jackson, filed written objections to the PSR. (CR ECF No. 23.) In pertinent part, Jackson argued:

> Paragraph 14: Defendant objects to the factual resume indicating that Ms. Jones should be responsible for 13 kilos under USSG 1B1.3(a)(1)(B). While [it] is true that Ms. Jones did speak with Agents after her initial arrest, she never said that she made the trip four or five times, she indicated that she made the trip two or three other times. Moreover, she never told the agents that she carried "ice" on the other trips and to assume that she had "ice" or that she had 2.6 kilos has the effect of over-sentencing Ms. Jones. On the other trips, Ms. Jones carried either marijuana or money and not "ice." Ms. Jones should be sentenced for 2.6 kilos of "ice."

(CR ECF No. 23 at 1.)

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:17-cr-364-D-1, and "CV ECF" refers to this civil action, case number 3:19-cv-1461-D-BT.

2

U.S. Probation recommended that the District Court overrule Jones's Paragraph 14 objection. (CR ECF No. 24-1 at 1.) At sentencing, Jackson renewed his objection by arguing that there was "no evidence" to support any drug quantity amount above 2.6 kilograms of methamphetamine, the amount found in Jones's possession during her arrest on April 17, 2017. (CR ECF No. 37 at 4-5.) The District Court allowed witness testimony, but it ultimately overruled Jones's "objection to the drug quantity, finding that it [was] supported by a preponderance of the evidence set forth in the [Presentence Report (PSR)], the addendum, as well as the testimony presented by the government." (CR ECF No. 37 at 12.) On July 6, 2018, the District Court sentenced Jones to 121 months' imprisonment. Jones did not appeal her conviction or sentence.

Jones then filed this § 2255 motion (CV ECF No. 2). In her motion, Jones argues that her trial attorney, Jackson, provided ineffective assistance of counsel when he failed to object to her "miscalculated sentence which was based on [the] PSR," which held her accountable for 13 kilograms of Ice methamphetamine. Mot. 4 (CV ECF No. 2.) In its response, the Government argues that Jones's attorney, Jackson, raised the exact objection she claims was not presented. Jackson made the argument in a PSR objection, and he then renewed it at sentencing. Considering that Jackson raised the objection and the District Court overruled it, Jones cannot demonstrate either deficient performance or prejudice. Jones filed a reply. The § 2255 motion is now ripe for determination.

3

## Legal Standards and Analysis

In her sole claim, Jones argues that her trial attorney, Jackson, provided ineffective assistance of counsel when he failed to object to a "miscalculated sentence." Mot. 4 (CV ECF No. 2). Jones claims that there was no evidence to support any drug quantity above the amount found on her at the time of her arrest. *Id.* ("The government did not present ANY evidence at sentencing, whether financial, testimonial, documentary or other . . . The government MISREPRESENTED to the Court that I admitted to transporting similar drug transactions[.]").

To prevail on a claim of ineffective assistance of counsel, a movant must show: (1) her counsel's performance was deficient; and (2) the deficient performance prejudiced her defense so gravely as to deprive her of a fair trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves her counsel's performance was deficient, she must still prove prejudice. To demonstrate prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different

4

outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Jones's argument that her attorney failed to object to the drug quantity set forth in the PSR is belied by the record. In fact, Jones's trial attorney, Jackson, raised this objection in writing (CR ECF No. 23 at 1), and he renewed it at sentencing (CR ECF No. 37 at 4-5). Jones claims that Jackson should have argued that "[t]here's no evidence" to support a drug quantity above 2.6 kilograms of methamphetamine, and this is exactly the argument her attorney made. (*See* CV ECF No. 2 at 4) ("[T]he government did not present any evidence . . . whether financial, testimonial, or documentary or other[.]"); *see also* (CR ECF No. 37 at 4) ("We believe that 2.6 kilos as Ms. Jones [h]as been charged is the amount of – of methamphetamine that she should have been charged with."). Habeas relief is not warranted where, as here, counsel tried but was not successful in his efforts to persuade the Court. *See Young v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas relief."); *see Thomas v. United States*, 2021 WL 2690094, at *4 (N.D. Tex. June 1, 2021) (quoting *Youngblood*, 696 F.2d at 410); *see also Anokam v. United States*, 2017 WL 655658, at *7 (S.D. Tex. Feb. May 4, 2016) (citing *Youngblood*, 696 F.2d at 410). Because Jackson made the objection Jones argues should have been made, and the Court ultimately overruled

5

it, Jones cannot demonstrate either deficient performance by her attorney or prejudice therefrom.

Last, Jones argues that she entered into a plea agreement with the Government where she admitted her guilt in exchange for the Government agreeing to sentence her to five years' imprisonment. Reply 5 (CV ECF No. 12). Jones contends that the Government breached the terms of its plea agreement by holding her accountable at sentencing for 13 kilograms of methamphetamine. *Id.* 6.

Jones's argument is based on a mistaken belief. Jackson's written plea agreement with the Government, signed by Jackson and her attorney on November 1, 2017, states that the maximum and minimum penalties the Court could impose include "imprisonment for a period *at least five years* up to 40 years." (CR ECF No. 17 at 2) (emphasis added). Jones acknowledged that the Court would impose a sentence after consideration of the guidelines and that "no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case." *Id.* Further, Jones acknowledged that, "[t]he defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court." *Id.* Jones admitted that her "plea of guilty [was] freely and voluntarily made and [was] not the result of force or threats, or of promises apart from those set forth in [the] plea agreement. There [were] no guarantees or promises from anyone as to what sentence the Court [would] impose." *Id.* 4.

6

Jones and her attorney both signed the plea agreement, and it fully advised Jones that her sentence would be at least five years but could be as high as forty years. (CR ECF No. 17 at 2). Also, the PSR, issued by U.S. Probation on January 31, 2018, provides, "[t]he mandatory minimum term of imprisonment is 5 years and the maximum term is 40 years. 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)." PSR ¶ 69. Therefore, Jones was fully aware that, although no one could predict with any sort of certainty her ultimate sentence, it would be at least five years and could be as high as forty years' imprisonment. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight") (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)); *see also Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that "[o]fficial records are entitled to a presumption of regularity").

### III.

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed September 23, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).